IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT EHRMAN, | No. C06-05454 MJJ |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| v. | |
| STANDARD INS. CO., | |
| Defendant. | |

## INTRODUCTION

Before the Court is the Motion to Dismiss and Motion To Strike Plaintiffs' First Amended Complaint (Docket No. 37) brought by Defendants Standard Insurance Company and Mills Peninsula Medical Long Term Disability Insurance Plan. Plaintiff Scott Ehrman opposes the motion.

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Motion.

## FACTUAL BACKGROUND

The material allegations of Plaintiff's First Amended Complaint are as follows.

Plaintiff is a medical doctor who worked for Mills Peninsula Medical Group. As an employee of Mills Peninsula Medical Group, Plaintiff enrolled in the Mills Peninsula Medical Group, Inc. Long Term Disability Insurance Plan. The Plan is an employee welfare benefit plan governed by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*.

Defendant Standard Insurance Company issued a Long Term Disability Insurance Policy to the Plan. While the Policy was in effect, Plaintiff became disabled by Parkinson's Disease, and on March 30, 2005, filed a claim for benefits under the Policy. Standard approved Plaintiff's claim.

In addition to the Mills Peninsula Medical Group Plan, Plaintiff was insured separately under a disability policy through the American College of Physicians, now administered by New York Life Insurance Company ("the New York Life policy"). Upon his disability, Plaintiff also filed a claim for benefits under the New York Life policy. New York Life approved his claim and Plaintiff began receiving benefits in the amount of $8000 a month.

As indicated above, Standard approved Plaintiff's benefits claim under the Mills Peninsula Medical Group Plan. However, Standard informed Plaintiff that it would offset his benefits under the Policy by the amount Plaintiff was receiving under the New York Life policy. According to Plaintiff, Standard calculated that the amount due Plaintiff before offsets equaled $7350.37 a month. Because this amount was less than the amount Plaintiff was receiving under the New York Life policy, Standard invoked a minimum payment clause in the Policy, which guarantees a minimum payment equal to 10% of the pre-offset benefit amount of $735.04 a month.

Based on the foregoing events, on July 28, 2006, Plaintiff filed the instant lawsuit against Defendants in state court, charging that they improperly denied him disability benefits under the Policy by offsetting his benefits by an amount proportional to the benefits he is receiving under the New York Life policy. His original complaint asserted claims for: (1) breach of contract against Standard; (2) recovery of employee benefits pursuant to 29 U.S.C. § 1132(a)(1)(B); (3) breach of fiduciary duty pursuant to 29 U.S.C. §§ 1104(a)(1), 1109, 1132(a)(2), and 1132(a)(3); and (4) tortious breach of the covenant of good faith and fair dealing against Standard. On September 5, 2006, Defendants removed the action to this Court on the ground that Plaintiff is asserting claims arising under ERISA. On September 26, 2006, Defendants filed a Motion to Dismiss and/or Strike. As a result of that motion, on January 19, 2007, this Court dismissed Plaintiff's breach of contract and breach of covenant of good faith and fair dealing claims, and dismissed Plaintiffs' breach of

2

1  fiduciary duty claims with leave to amend.[1]  (Docket No. 31.)  Plaintiff filed his First Amended

2  Complaint on February 12, 2007, asserting claims for recovery of employee benefits pursuant to 29

3  U.S.C. § 1132(a)(1)(B), and for breach of fiduciary duty pursuant to 29 U.S.C. §§ 1104(a)(1), 1109,

4  1132(a)(2), and 1132(a)(3).   (Docket No. 35.)  On February 28, 2007, Defendants filed their

5  Motion To Dismiss and to Strike Plaintiff's First Amended Complaint, which is now before this

6  Court.

## LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory.  *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Further, dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim.  *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).  In considering a 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

## ANALYSIS

In their Motion, Defendants urge the Court to dismiss Plaintiff's claims for breach of fiduciary duty because they fail to state claims upon which the Court may grant relief. Additionally, Defendants urge the Court to strike all remedies not available pursuant to 29 U.S.C. § 1132(a)(1)(B).  The Court will address each argument, in turn.

**A.     Motion to Dismiss**.

---

[1] The Court denied the motion to dismiss with respect to Plaintiff's claim for recovery of benefits under 29 U.S.C. § 132(a)(1)(B).

3

**1. Breach of Fiduciary Duty Claim Under 29 U.S.C. § 1132(a)(2).**

In its January 19 Order, the Court dismissed Plaintiff's claims for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(2) without prejudice on the grounds that Plaintiff had failed to allege sufficient facts to establish that his claim inures to the benefit of the Plan. In his First Amended Complaint, Plaintiff re-asserts this claim for breach of fiduciary duty and includes some new allegations. Defendants argue that the amended § 1132(a)(2) claim nonetheless fails because Plaintiff has failed to allege new facts that adequately establish the claim inures to the benefit of the Plan as a whole rather than individual beneficiaries.

The court agrees with Defendants. Under Section 1132(a)(2), "[i]ndividual beneficiaries may bring actions against the plan fiduciaries, but they must do so for the benefit of the plan and not their individual benefit." *Cinelli v. Sec. Pac Corp.*, 61 F.3d 1437, 1445 (9th Cir. 1995) (dismissing § 1132(a)(2) breach of fiduciary duty action where claim was "for benefits for [Plaintiff] and other individuals similarly situated, not for injury to the Plan."); *see also Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142, 148 (1985). The new factual allegations in the First Amended Complaint (primarily found at ¶¶ 39 & 41-47) fail to cure the defect in Plaintiff's original Complaint because they do not establish that the claim is for the benefit of the Plan. To the contrary, the only new allegations regarding Defendants' alleged wrongdoing that are not conclusory in nature reconfirm that the claim for breach of fiduciary duty is premised on Defendants' underpaying of benefits to individual participants in the Plan. (First Amended Complaint at ¶¶ 41(A), 41(B), 41(D).) Though Plaintiff newly alleges that these wrongful actions were "systematic[]", "repeated[]", and "wilful[]" (*id.* at ¶ 41), and alleges in conclusory fashion that the removal of Standard as the fiduciary would benefit the Plan as a whole ((*id.* at ¶ 44-47)– the underlying wrongful acts that Plaintiff alleges all concern the underpayment of benefits to individual participants – conduct that affects, at best, only a subset of plan participants. Plaintiff essentially concedes this point in his opposition brief when he acknowledges that "[c]ertainly, if this Court were to determine that Standard's offsets to Dr. Ehrman's policy were in fact lawful, there is no question that no action would lie for breach of fiduciary duty" under § 1132(a)(2). (Plaintiff's Opposition at 6:16-18.) Plaintiff does not allege sufficient facts establishing any other cognizable harm to the Plan

4

as a whole. *Cinelli*, 61 F.3d at 1445 (§ 1132(a)(2) breach of fiduciary duty claim "only allows for recovery for injury to the plan itself").[2]

Having already provided Plaintiff with an opportunity to attempt to cure this deficiency through amendment, and because further amendment would be futile in light of the discussion above, the Court concludes that it is appropriate at this stage to dismiss Plaintiff's claim for breach of fiduciary duty premised on § 1132(a)(2) without leave to amend.

### b. Breach of Fiduciary Duty Claim Under § 1132(a)(3).

As to Plaintiff's claim pursuant to 29 U.S.C. § 1132(a)(3), Defendants argue that because Plaintiff has asserted a claim to recover benefits pursuant to § 1132(a)(1)(B), which Defendants maintain provides Plaintiff adequate relief, he is foreclosed from asserting a claim under § 1132(a)(3). Plaintiff counters that he may properly assert claims under both § 1132(a)(1)(B) and § 1132(a)(3).

In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court held that §1132(a)(3), unlike § 1132(a)(2), authorizes lawsuits for individualized equitable relief for breach of fiduciary obligations. 516 U.S. at 512. *Varity* also recognized that the "discretionary determination about whether a claimant is entitled to benefits under the terms of the plan documents" constitutes a "fiduciary act." *Id*. at 511. However, the Supreme Court also explained that § 1132(a)(3) is a "catchall provision" that "act[s] as a safety net, offering other appropriate equitable relief for injuries caused by violations that [§ 1132] does not elsewhere remedy." *Id*. at 512. As the Supreme Court explained, because § 1132(a)(3) authorizes "appropriate" equitable relief, "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id*. at 515. However, *Varity* did not go so far as to rule that the pleading of a § 1132(a)(1)(B) claim for recovery of denied benefits precluded the possibility of equitable relief under § 1132(a)(3). The

---

[2] *Horan v. Kaiser Steel Ret. Plan*, 947 F.2d 1412 (9th Cir. 1991) is also instructive. In *Horan*, the Ninth Circuit held the district court should have dismissed § 1132(a)(2) breach of fiduciary duty claim because any remedy designed to correct the alleged wrongdoing – the failure of the fiduciary to provide annuities to certain plan participants, would "only benefit the plaintiffs and not the Plan." Id. at *1418*. *Horan* held: "This remedy would further deplete a financially unstable plan. We conclude, therefore, the district court should have dismissed the fiduciary breach claim for failure to state a claim." *Id.*

5

Court had no need to reach this question because, on the facts before it, plaintiffs could not proceed under either § 1132(a)(1)(B) or § 1132(a)(2).[3]

Defendants contend, however, that the Ninth Circuit decisions in *Forsyth v. Humana, Inc.*, 114 F.3d 1467 (9th Cir. 1997) and *Ford v. MCI Communications Corp. Health and Welfare Plan*, 399 F.3d 1076 (9th Cir. 2005) have extended *Varity* and require dismissal of Plaintiff's § 1132(a)(3) claim at this stage.

In *Forsyth*, the district court had held, at the summary judgment stage, that the plaintiffs lacked standing to bring a claim under § 1132(a)(3) for breach of fiduciary duty because the remedy provided by ERISA for the plaintiffs' harm – overpayment of copayments – was a benefits claim for breach of contract pursuant to § 1132(a)(1)(B). 114 F.3d at 1474.  During the pendency of the appeal, the Supreme Court expanded the scope of permissible actions under § 1132(a)(3). Nonetheless, *Forsythe* affirmed the dismissal on the grounds that § 1132(a)(3) equitable relief was not "appropriate" given that § 1132(a)(1) had already provided plaintiffs with an adequate remedy. The Ninth Circuit reasoned:

> In the present case, the [plaintiffs] seek to recover individual relief under section 1132(a)(3) for Humana Insurance's breach of fiduciary duty.  But the [plaintiffs] have already won a judgment for damages under section 1132(a)(1) for the injuries they suffered as a result of the defendant's actions. [] In these circumstances, *Varity Corp*. does not authorize equitable relief under the catchall provision of section 1132(a)(3).  Equitable relief under § 1132(a)(3) is not "appropriate" because section 1132(a)(1) provides an adequate remedy in this case.

*Id*. at 1475.

Similarly, in *Ford*, the Ninth Circuit affirmed dismissal of a § 1132(a)(3) claim at the summary judgment stage where other provisions in § 1132 provided an adequate remedy for wrongful denial of benefits.  The plaintiff in *Ford* – a member of her employer's long term disability plan – sued the plan's claims administrator, asserting that it wrongfully denied her benefits claim. 399 F.3d at 1078. Specifically, the plaintiff brought claims under § 1132(a)(1)(B) and § 1132(a)(2), for wrongful denial of benefits, and under § 1132(a)(3) for general equitable relief. *Id.* In reviewing

---

[3] Plaintiffs in *Varity* could not proceed under § 1132(a)(1)(B) because they were no longer member of the plan and therefore had no benefits due them under the terms of the plan, and could not proceed under § 1132(a)(2) because that provisions did not provide a remedy for individual beneficiaries. Id at 515. As a result, the Court concluded that the plaintiff "must rely on the third subsection or they have no remedy at all." Id

6

1 the dismissal of the plaintiff's claim under § 1132(a)(3), the court noted that "[t]he Supreme Court []
2 held that '[29 U.S.C. § 1132(a)(3)] is a catchall provision that acts a safety net, offering appropriate
3 equitable relief for injuries caused by violations that [29 U.S.C. § 1132] does not *elsewhere*
4 adequately remedy.'" *Id*. at 1083 (citing *Great-West Life & Annuity Insurance Co. v. Knudson*, 534
5 U.S. 204, 221 n.5 (2002), emphasis in original). *Ford* thus held that "[b]ecause [the plaintiff]
6 asserted specific claims under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(2), she cannot obtain relief
7 under 29 U.S.C. § 1132(a)(3), ERISA's 'catchall' provision." *Id*.

8     The Court, however, does not agree with Defendants that *Forsyth* and *Ford* go so far as to
9 require complete dismissal of Plaintiff's § 1132(a)(3) claim at this stage. The Court does not read
10 *Forsyth* or *Ford* to stand for the broad proposition that a Plaintiff may not seek relief under §
11 1132(a)(3) merely because he or she has also pleaded a claim under § 1132(a)(1)(B), § 1132(a)(2)
12 and/or other ERISA remedial sections. Indeed, reading such a bright-line rule into *Forsyth* or *Ford*
13 would run contrary to the Supreme Court's recognition in *Varity* that even where Congress has
14 fashioned a remedial provision for a class of injury, there may still be circumstances where
15 additional equitable relief under § 1132(a)(3)'s "catch-all" provision is appropriate. 516 U.S. at 515
16 ("we should expect that where Congress elsewhere provided adequate relief for a beneficiary's
17 injury, there will ***likely*** be no need for further equitable relief, in which case such relief ***normally***
18 would not be 'appropriate'") (emphasis added).[4]

19     In *Ford*, the plaintiff's allegations appear to have been limited to a straightforward
20 contention that the defendant wrongfully denied her individual disability benefits coverage, and both
21 her § 1132(a)(1)(B) and § 1132(a)(2) claims were brought solely to recover an individual remedy for
22 the harm caused to her by the denial of benefits. 399 F.3d at 1081-82. In determining that the
23 catchall provision of § 1132(a)(3) was not available to plaintiff because claims under other specific
24 ERISA subsections provided an adequate remedy, *Ford* did not set forth its reasoning in detail, but
25 appears to have relied on the fact that the harm alleged was no greater that an individual denial of
26 benefits. Similarly, in *Forsyth*, the court found that § 1132(a)(3) relief was not appropriate because

---

[4] Moreover, the Court notes that interpreting *Forsyth* or *Ford* to require dismissal of the § 1132(a)(3) claim merely because Plaintiff has pleaded § 1132(a)(1)(B) and/or § 1132(a)(2) claims would also run afoul of the longstanding principle set forth in Federal Rule of Civil Procedure 8(e)(2) allowing parties to plead in the alternative.

7

1 the plaintiffs had already won a money judgment under § 1132(a)(1)(B) that adequately addressed
2 the alleged harm of failing to reduce the plaintiff's co-payments. 114 F.3d at 1472, 1475. In
3 contrast, construing the allegations in the First Amended Complaint in the light most favorable to
4 Plaintiff, Plaintiff here appears to allege wrongful conduct that, although not affecting all plan
5 participants, does go beyond the mere wrongful calculation of benefits. For example, though the
6 allegations are threadbare and lack detail, Plaintiff appears to allege some form of self-dealing
7 through the intentional adoption of biased claim practice and procedures relating to offsets which are
8 systematically designed to increase the financial profitability of the Defendant. (First Amended
9 Complaint at ¶¶ 20, 41(C), 41(F)).

10 Under these circumstances, the Court is not able to conclude at the pleadings stage that
11 equitable relief that Plaintiff seeks under § 1132(a)(3) for breach of fiduciary duty is entirely
12 foreclosed, as it is not clear to this Court that § 1132(a)(1)(B) was intended by Congress to provide
13 the sole form of relief for the systematic wrongful acts that Plaintiff alleges. Accordingly, the Court
14 concludes that it would be premature to dismiss Plaintiff's claims under § 1132(a)(3) at this time.
15 However, even though the Court will permit Plaintiff's § 1132(a)(3) claim to proceed beyond the
16 pleading stage, the Court remains mindful of the Supreme Court's admonition that

> courts, in fashioning appropriate equitable relief, [should] keep in mind the 'special nature and purpose of employee benefit plans, and [should] respect the policy choices reflected in the inclusion of certain remedies and the exclusion of others.

21 *Varity*, 516 U.S. at 515. Accordingly, it may turn out to be the case, even if Plaintiff ultimately
22 proves a breach of fiduciary duty, that this Court concludes it is not appropriate to provide equitable
23 relief beyond that provided for in § 1132(a)(1)(B) under the carefully integrated civil enforcement
24 provisions that Congress enacted in ERISA.[5] The Court, however, saves that determination for a

---

[5] Plaintiff argues that, as a policy matter, § 1132(a)(1)(B) remedies will fail to deter Standard's wilfully improper conduct because the only risk it faces under that cause of action is the payment of benefits and interest, and that Standard therefore "could continue to administer its plans illegally, with impunity" and "has every reason to continue engaging in the precise conduct complained of by Plaintiff." (Plaintiff's Opp. at 8:20-26.) However, the Court notes that § 1132(a)(1)(B) itself permits a plaintiff not only to "recover benefits due to him under the terms of his plan" but also to "enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section

8

1  later stage in these proceedings upon a better record.

2  Accordingly, the Court denies Defendants' motion with respect to Plaintiff's § 1132(a)(3)
3  claim.

### B.   Motion to Strike.

Defendants also move to strike Plaintiff's claim for recovery of benefits under § 1132(a)(1)(B) to the extent it seeks relief relating to benefits owed not just to Plaintiff but to "any and all plan participants" who were subject to the offset. Defendants argue that § 1132(a)(1)(B) does not provide standing for Plaintiff to seek relief relating to other plan participants because it provides that a beneficiary may "recover benefits due to *him* under the terms of the plan, to enforce *his* rights under the term of the plan, or to clarify *his* rights to future benefits under the terms of the plan." (Emphasis added.) Plaintiff cites no authority that would permit him, under this statute, to seek relief relating to other plan participants, and the Court is aware of none. Accordingly, the Court strikes those portions of Plaintiff's claim under § 1132(a)(1)(B) that seek relief on behalf of any plan participant other than Plaintiff.

In response to the motion to strike, Plaintiff also indicates that because the conduct complained of in the First Amended Complaint would affect numerous other plan participants to their detriment, he potentially intends to seek leave to replead his § 1132(a)(1)(B) claim in the form of a class action. The Court will reserve judgment as to whether such leave to amend is appropriate until a Rule 15 motion, and any objections raised by Defendant thereto, are properly before this Court.

//
//
//
//
//
//

---

1132 also contains an attorneys' fees clause. In this Court's view, this panoply of remedies for denial of benefits evidences that Congress has determined a § 1132(a)(1)(B) claim to be "adequate relief" for such violations.

9

1  //

2  //

### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion as follows**:** The Court **DISMISSES WITHOUT LEAVE TO AMEND** the second cause of action in the First Amended Complaint, a breach of fiduciary duty claim brought under § 1132(a)(2) and § 1132(a)(3), in its entirety.  The Court **STRIKES** those portions of the first cause of action of the First Amended Complaint, a claim for recovery of benefits under § 1132(a)(1)(B), that seek relief on behalf of any plan participant other than Plaintiff.  In all other respects, Defendants' Motion is denied.

**IT IS SO ORDERED.**

Dated:   5/2/2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE